**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02902-RM-NYM

AMERICAN VERIFICATION PROCESSION SOLUTIONS, LLC,

     Plaintiff,

v.

ELECTRONIC PAYMENT SYSTEMS, LLC, and
ESQUIRE MERCHANT SERVICES, LLC,

     Defendants.

_____

## ORDER

_____

     This contract dispute is before the Court on the Recommendation of United States

Magistrate Judge Nina Y. Wang (ECF No. 66) to grant Defendants' Motion for Summary

Judgment (ECF No. 47).  Plaintiff filed an Objection to the Recommendation (ECF No. 67), and

Defendants have filed a Response to the Objection (ECF No. 68).  For the reasons below, the

Court overrules the Objection and accepts the Recommendation, which is incorporated into this

Order by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.    LEGAL STANDARDS

### A.    Review of a Magistrate Judge's Recommendation

     Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the

magistrate judge's recommendation to which a proper objection is made.  An objection is proper

only if it is sufficiently specific "to focus the district court's attention on the factual and legal

issues that are truly in dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060

(10th Cir. 1996).  "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.      Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018).  Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material."  *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law.  *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

II.     **BACKGROUND**

A more detailed recitation of the background of this case can be found in the Recommendation. (*See* ECF No. 66 at 4-15.) For present purposes, the Court summarizes as follows. In 2014, Plaintiff and Defendant Esquire Merchant Services, LLC ("ESQMS") entered into the 2014 Marketing Agreement, whereby Plaintiff agreed to market to merchants credit card payment services offered by Defendant Electronic Payment Systems, LLC ("EPS") in exchange for a percentage of the processing fees associated with providing those services. (ECF No. 60 at 1, ¶ 1.) As permitted under the agreement, ESQMS delegated its duties under the agreement to EPS, who was not a named party to the agreement, and EPS performed all the services required of ESQMS under the agreement. (*Id.* at 31, ¶ 77.) ESQMS no longer exists. (*Id.* at 30, ¶ 76.)

In February 2015, a merchant doing business as CW Botanicals signed up for the payment services pursuant to a separate agreement with Plaintiff. (*Id.* at 12, ¶ 27.) A dispute arose later between these entities—with EPS intervening on behalf of CW Botanicals—due to Plaintiff's charging of $264,524.69 in "over limit fees." (*Id.* at 13, ¶ 31; 17, ¶ 42.) Plaintiff ultimately refunded the charges because it did not have an agreement with CW Botanicals that permitted such charges. (*Id.* at 32, ¶ 80.)

In September 2015, Plaintiff and EPS entered into the 2015 Referral Agreement, pursuant to which Plaintiff and EPS agreed to refer merchants to one another for bank card services. (*Id.* at 6, ¶ 13.) Plaintiff intended for the 2015 Referral Agreement to supersede the 2014 Marketing Agreement (*id.* at 27, ¶ 70); Defendants did not (*id.* at 7, ¶ 16).

After CW Botanicals received its refund in December 2016, it terminated its agreement with Plaintiff. (*Id.* at 19, ¶ 47.) Defendants also terminated their respective agreements with

Plaintiff, after alleging that Plaintiff had breached the agreements by various means.  (*Id.* at 20, ¶ 49.)  Defendants have made no payments to Plaintiff since October 2016.  (*Id.* at 21, ¶ 50.)

Plaintiff brought this lawsuit asserting breach of contract claims against each Defendant and an unjust enrichment claim against EPS.  Plaintiff claims it is owed "residual fees" of $3,038,786, including $2,622,094 for fees associated with CW Botanicals.  (*Id.* at 24, ¶ 60.) Defendants' Motion for Summary Judgment was referred to a magistrate judge for a recommendation.

The magistrate judge first determined that the 2014 Marketing Agreement, not the 2015 Referral Agreement, was controlling, rejecting Plaintiff's contention that there is no difference between marketing or selling Defendants' services to merchants as opposed to referring merchants to Defendants for the merchants to utilize Defendants' services, and therefore the newer agreement superseded the previous one.  (ECF No. 66 at 18.)  Nor did the magistrate judge accept Plaintiff's contention that the 2015 Referral Agreement's merger clause compelled such a conclusion, noting that the agreement explicitly did not apply to "marketing."  (*Id.* at 19; *see also* ECF No. 48-2 at 1, ¶ 1.A ("Nothing in this Agreement shall be interpreted to require any marketing of merchant services by Referrer.").)

The magistrate judge also found there was no dispute that Defendants terminated both agreements and gave several reasons for doing so.  (ECF No. 66 at 14, ¶ 64 n.25.)  Although the magistrate judge determined that genuine issues of material fact foreclosed the conclusion that Defendants properly terminated the 2014 Marketing Agreement for illegal, fraudulent, or deceptive activities, she nonetheless determined that other grounds existed to support termination—including Plaintiff's failure to disclose the over limit fees to CW Botanical, its

4

misleading CW Botanical about multiple matters, and its indiscretion in handling

CW Botanical's funds.

In light of Defendants having terminated the 2014 Marketing Agreement, the magistrate

judge concluded that Plaintiff could not prevail on its breach of contract claim premised on that

agreement, either because Plaintiff could not establish the elements of a claim or because it failed

to show the existence of a genuine dispute of fact as to Defendants' affirmative defense.  (*Id.*

at 23.)  The magistrate judge further determined Plaintiff was precluded from asserting an unjust

enrichment claim against EPS which amounted to merely "a repackaging of its breach of contract

claim."  (*Id.* at 30.)  Accordingly, the magistrate judge concluded Defendants were entitled to

summary judgment.

## III.   DISCUSSION

Plaintiff objects to the Recommendation on the grounds that the magistrate judge failed

to make findings regarding Defendant's termination of the 2015 Referral Agreement and that

there are genuine issues of material fact as to whether that agreement was terminated.  Plaintiff

argues that even if merchants who signed up for EPS's services before the 2015 Referral

Agreement were covered by the earlier agreement, disputed issues of material fact remain as to

merchants who signed up afterward, including whether the 2015 Referral Agreement was in fact

terminated or EPS had cause to terminate the agreement under the relevant termination clause.

But in its response to Defendants' Moving Party's Statement of Undisputed Material Facts

("MSUMF"), Plaintiff failed to dispute that the 2015 Referral Agreement was terminated.  As

noted in the Recommendation, Plaintiff raised arguments that Defendants were not justified in

terminating the agreements, not that they had not in fact done so.  (*See* ECF No. 60 at 20-21,

¶¶ 49, 50; *see also* ECF No. 66 at 14, ¶¶ 64 n.25.)  Thus, even though Plaintiff disagrees with the

termination and the record is less-than-clear as to precisely when it occurred, for present purposes, there is no dispute that it did occur.  Nor is there any dispute as to what reasons Defendants gave for the termination.  (*See* ECF No. 66 at 14, ¶ 66 n.26.)

Further, Plaintiff has not shown that any of its claimed damages stem from fees associated with any specific merchant other than CW Botanicals, which signed up for Plaintiff's services before the 2015 Referral Agreement took effect.  Plaintiff asserts that it signed up approximately 112 merchants after entering the 2015 Referral Agreement (ECF No. 67 at 4) yet offers no explanation in the Complaint or any other pleading as to the source of the $364,200 in "Non-CW" residual fees owed that it included in its damages calculation (*see* ECF No. 48-16 at 2).  The Court finds Plaintiff has not met its burden of establishing the existence of a genuine dispute of material fact with respect to any damages stemming from any merchant covered by the 2015 Referral Agreement.

Plaintiff also objects to the Recommendation on the grounds that there are genuine issues of material fact as to whether the 2015 Referral Agreement superseded the 2014 Marketing Agreement, citing an affidavit from its in-house counsel.  (ECF No. 67 at 7.)  But the magistrate judge's determination that the agreements unambiguously did not concern the same subject matter turned on a legal analysis of the agreements themselves, including the merger clause in the 2015 Referral Agreement, the 2015 Referral Agreement as a whole, and a comparison of the terms and provisions of both agreements.  Plaintiff has not shown the magistrate judge's analysis was incorrect or that it is necessary or appropriate to resort to extrinsic evidence in these circumstances.

Plaintiff also raises for first time the argument that the 2015 Referral Agreement constitutes a novation.  That argument has been waived.  *See United States v. Garfinkle*,

261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Plaintiff's objection based on Defendants' alleged failure to provide fourteen-days written notice as required under the 2015 Referral Agreement is also unavailing. This argument has also been waived. *See id.* Moreover, had Plaintiff developed this argument in its Response, Defendants and the magistrate judge might have addressed it in more depth. Instead, Plaintiff's Response contains the following footnote:

> Defendants do not appear to argue nor do they attach any exhibit in support of their motion that they actually terminated either the 2014 or 2015 agreements. (OSUMF No. 97.) They simply stopped paying Plaintiff residual fees and stopped corresponding. (OSUMF No. 97.) Based on this lack of notice, the agreements are potentially still in place and Defendants failure to pay residual fees makes them in breach.

(ECF No. 56 at 4 n.1.) In any event, as already discussed above, Plaintiff failed to raise a genuine issue of material fact with respect to whether the 2015 Referral Agreement was terminated or to establish that any of its damages flow from Defendants' alleged breach of the 2015 Referral Agreement. Accordingly, Defendants' alleged failure to provide written notice does not provide an adequate basis for rejecting the Recommendation.

Plaintiff's belated argument that it had a right to cure any breach of either agreement is also waived. *See Garfinkle*, 261 F.3d at 1031.

Finally, Plaintiff objects to the dismissal of its unjust enrichment claim against EPS on the grounds that if the Court agrees with the magistrate judge's determination that the 2014 and 2015 agreements did not concern the same subject matter (for purposes of analyzing whether the latter agreement superseded the former), then EPS should not be permitted to unfairly benefit from the former agreement, to which it is not a party. But the issue is not whether the two

agreements cover the same subject matter—it is whether the unjust enrichment claim is based on the same subject matter as an express contract, in this case the 2014 Marketing Agreement. *See Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003) ("In general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract.").  As explained in the Recommendation, Plaintiff's entitlement to residual fees ended with the termination of that agreement, and its unjust enrichment claim is barred by that agreement because Plaintiff has not identified any basis for relief that is outside the parties' contractional relationships, whether express or implied.  As a result, EPS is entitled to summary judgment on this claim as well.

## IV.      CONCLUSION

Therefore, the Court OVERRULES the Objection (ECF No. 67), ADOPTS the Recommendation (ECF No. 66), and GRANTS the Motion for Summary Judgment (ECF No. 47).

DATED this 13th day of September, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

8